Justice Breyer,
with whom Justice Stevens, Justice Souter, and Justice Ginsburg join, concurring in the judgment.
I would accept respondents’ concession that the Ninth Circuit majority’s “price squeeze” holding is wrong, I would vacate the Circuit’s decision, and I would remand the case in order to allow the District Court to determine whether respondents may proceed with their “predatory pricing” claim *458 as set forth in Judge Gould’s dissenting Ninth Circuit opinion. linkLine Communications, Inc. v. SBC California, Inc., 503 F. 3d 876, 887 (2007).
A “price squeeze” claim finds its natural home in a Sherman Act §2 monopolization case where the Government as plaintiff seeks to show that a defendant’s monopoly power rests, not upon “skill, foresight and industry,” United States v. Aluminum Co. of America, 148 F. 2d 416, 430 (CA2 1945) (Alcoa), but upon exclusionary conduct, United States v. Grinnell Corp., 384 U. S. 563, 576 (1966). As this Court pointed out in Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP, 540 U. S. 398 (2004), the “‘means of illicit exclusion, like the means of legitimate competition, are myriad.’” Id., at 414 (quoting United States v. Microsoft Corp., 253 F. 3d 34, 58 (CADC 2001) (en banc) (per curiam)). They may involve a “course of dealing” that, even if profitable, indicates a “willingness to forsake short-term profits to achieve an anticompetitive end.” Trinko, supra, at 409. See, e. g., Aspen Skiing Co. v. Aspen Highlands Skiing Corp., 472 U. S. 585, 610-611 (1985); Complaint in United States v. International Business Machines Corp., Civil Action No. 69 Civ. 200 (SDNY, filed Jan. 17, 1969), ¶ 20(c), reprinted in F. Fisher, J. McGowan, & J. Greenwood, Folded, Spindled, and Mutilated: Economic Analysis and U. S. v. IBM, App. 357 (1983). And, as Judge Hand wrote many years ago, a “price squeeze” may fall within that latter category. Alcoa, supra, at 437-438. As a matter of logic, it may be that a particular price squeeze can only be exclusionary if a refusal by the monopolist to sell to the “squeezed customer” would also be exclusionary. But a court, faced with a price squeeze rather than a refusal to deal, is unlikely to find the latter (hypothetical) question any easier to answer than the former.
I would try neither to answer these hypothetical questions here nor to foreshadow their answer. We have before us a regulated firm. During the time covered by the complaint, *459 petitioners were required to provide wholesale digital subscriber line (DSL) transport service as a common carrier, charging “just and reasonable” rates that were not “unreasonably] discriminat[ory].” 47 U. S. C. §§ 201(b), 202(a) (2000 ed.). And, in my view, a purchaser from a regulated firm (which, if a natural monopolist, is lawfully such) cannot win an antitrust case simply by showing that it is “squeezed” between the regulated firm’s wholesale price (to the plaintiff) and its retail price (to customers for whose business both firms compete). When a regulatory structure exists to deter and remedy anticompetitive harm, the costs of antitrust enforcement are likely to be greater than the benefits. See Concord v. Boston Edison Co., 915 F. 2d 17, 26-29 (CA1 1990). Cf. 3 P. Areeda & D. Turner, Antitrust Law ¶¶ 834-836, pp. 344-355 (1978) (whether a particular course of conduct counts as “exclusionary” for antitrust purposes depends upon a host of factors, including, for example, the market position of the defendant, the nature of the market, and the nature of the defendant’s conduct).
Unlike Concord, the regulators here controlled prices only at the wholesale level. See 915 F. 2d, at 29. But respondents do not claim that that regulatory fact makes any difference; and rightly so, for as far as I can tell, respondents could have gone to the regulators and asked for petitioners’ wholesale prices to be lowered in light of the alleged price squeeze. Cf. FPC v. Conway Corp., 426 U. S. 271, 279 (1976); 3 Areeda & Turner, supra, ¶ 726e, at 219-220.
Respondents now seek to show only that the defendant engaged in predatory pricing, within the terms of this Court’s decision in Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U. S. 209 (1993). The District Court can determine whether there is anything in the procedural history of this case that bars respondents from asserting their predatory pricing claim. And if not, it can decide the merits of that claim. As I said, I would remand the case so that it can do so.